IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL ROBERT QUEEN, JR., | : |
| Petitioner, | : CIVIL NO. 4: CV-08-205 |
| v. | : (Judge Jones) |
| RICARDO MARTINEZ, WARDEN, | : |
| Respondent. | : |

MEMORANDUM

February _11_, 2008

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Samuel Robert Queen, Jr. ("Petitioner" or "Queen"), an inmate presently confined at the Allenwood United States Penitentiary, in White Deer, Pennsylvania ("USP-Allenwood"), initiated this pro se Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. The Petition is accompanied by an in forma pauperis application. Named as Respondent is USP-Allenwood Warden Ricardo Martinez.

Petitioner states that he pled guilty to one (1) count of possession and distribution of heroin in the United States District Court for the District of Maryland. As a result, he was sentenced to a three hundred and sixty (360) month term of imprisonment on February 15, 1995. Queen's present Petition challenges

the legality of the judgment and commitment order issued by the District of Maryland. Specifically, he contends that the judgment and commitment order is invalid because a portion of said document was not properly executed.

**DISCUSSION:**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007) (Kosik, J.). Rule 4 provides, in pertinent part: "'If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.' A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" Gorko v. Holt, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005) (McClure, J.) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Section 2255

provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is <u>inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added); <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997); <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971). In his instant action, Queen is clearly challenging the legality of his federal criminal sentence that was imposed by the District of Maryland.

In ruling on the issue of the inadequacy or ineffectiveness of a motion in the sentencing court, appellate courts have instructed that the same is inadequate or ineffective only where it is established that some limitation of scope or procedure would prevent the collateral remedy from affording the prisoner a full hearing and adjudication of his claim of wrongful detention. See <u>Galante</u>, 437 F.2d at 1165 (3d Cir. 1971) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F. 2d 681, 684 (3d Cir. 1954)). It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See</u>

3

id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966).

Further, prior unsuccessful collateral relief motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the motion remedy is inadequate and ineffective. Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir. 1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam).

Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), and Dorsainvil also addressed what circumstances make a collateral relief remedy inadequate and ineffective. The legislative limitations placed on collateral relief proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998) (Conaboy, J.).

Both the <u>Triestman</u> and <u>Dorsainvil</u> courts held that a § 2255 motion was only "inadequate and ineffective" where the denial of a habeas action would raise a serious constitutional issue. <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>, 119 F.3d at 249. Specifically, the serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. <u>Triestman</u>, 124 F.3d at 366; <u>Dorsainvil</u>, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider to be a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Queen's present argument does not fall within the narrow exception created by <u>Dorsainvil</u> and <u>Triestman</u>. Specifically, there is no allegation by Petitioner that his claim is based on any newly discovered evidence. Likewise, there is no contention that it is being raised pursuant to any new intervening substantive rule of criminal law that can apply retroactively to cases on collateral review.

Unlike <u>Dorsainvil</u>, Petitioner's claim is also not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to <u>Dorsainvil</u> was the fact that the petitioner may actually have been innocent of the crime charged. In this case, Queen's claim is solely based upon a sentencing related issue. It is clear that the claim for relief pending before this Court has nothing to do with the actual question

of Petitioner's guilt. Queen has also not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

Consequently, because Queen has not otherwise established that his remedy under § 2255 is inadequate or ineffective under the standards announced in Dorsainvil and Triestman, his Petition will be dismissed without prejudice. Petitioner, if he so chooses, may reassert his present claim through either a § 2255 motion or an application seeking leave to file a successive § 2255 motion.

An appropriate Order closing this action shall issue on today's date.